IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| SHAWN A. MCGUIRE, | |
|---|---|
| Petitioner, | 4:18CV3102 |
| vs. | |
| BRAD HANSEN, Warden; | **MEMORANDUM AND ORDER** |
| Respondent. | |

This matter is before the court on preliminary review of Petitioner Shawn A. McGuire's Petition for Writ of Habeas Corpus (filing no. 1) brought pursuant to 28 U.S.C. § 2254. The purpose of this review is to determine whether Petitioner's claims, when liberally construed, are potentially cognizable in federal court. Condensed and summarized for clarity, Petitioner's claims are:

> Claim One: Petitioner was denied the constitutional right to a fair trial by an impartial jury because the trial court's Instructions Nos. 9, 10, and 17 were constitutionally defective, contained an incorrect statement of the law on aiding and abetting, and instructed on uncharged crimes.
>
> Claim Two: Petitioner was denied the constitutional right to a fair trial because the evidence was insufficient to sustain his conviction under the theory of aiding and abetting.
>
> Claim Three: Petitioner was denied the constitutional right to prepare a meaningful defense because he was denied the right to subpoena witnesses including Kim Thomas, Gregory Beninato, Paris Capalupo, Robert Nave, and Jorge Palacios.

| | |
|---|---|
| Claim Four: | Petitioner was denied effective assistance of counsel because *trial counsel* (1) failed to propose jury instructions; (2) failed to object to the trial court's defective jury instructions; (3) failed to investigate and depose witnesses Abdul Vann, Robert Nave, Kim Thomas, and several others; (4) failed to conduct reasonable discovery to gather defense evidence to rebut the State's aiding and abetting theory; (5) failed to object to and move to exclude the ammunition and other evidentiary items found in or near the vehicle Petitioner was driving; (6) failed to have the 9-mm shells tested for DNA and fingerprints to show that Petitioner never handled the shells; (7) improperly advised Petitioner not to testify; (8) failed to adequately impeach and cross-examine State witness Cesar Avala-Martinez and offer evidence to refute his testimony; and (9) failed to offer testimonial and surveillance evidence that refuted the State's case. |
| Claim Five: | Petitioner was denied effective assistance of counsel because *appellate counsel* failed to raise the following claims on direct appeal: (1) Petitioner was denied his right to summon witnesses Abdul Vann, Robert Nave, Kim Thomas, Cesar Avala-Martinez, and others for his defense; (2) the trial court's instructions to the jury were constitutionally defective and prejudicial; (3) Petitioner was denied his right to a speedy trial. |
| Claim Six: | Petitioner was denied his constitutional right to a speedy trial in violation of due process. |

The court determines that Petitioner's claims, when liberally construed, are potentially cognizable in federal court. However, the court cautions Petitioner that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought. **Respondent should be mindful of and, if necessary, respond to Petitioner's allegations in his habeas petition that his appellate counsel's failure to communicate with him and raise specific errors appearing on the record "prevented petitioner from exhausting and raising all issues appearing on the record."** ([Filing No. 1 at CM/ECF p. 17](#).)

IT IS THEREFORE ORDERED that:

1. Upon initial review of the habeas corpus petition ([filing no. 1](#)), the court preliminarily determines that Petitioner's claims, as they are set forth in this Memorandum and Order, are potentially cognizable in federal court.

2. By **January 14, 2019**, Respondent must file a motion for summary judgment or state court records in support of an answer. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **January 14, 2019**: deadline for Respondent to file state court records in support of answer or motion for summary judgment.

3. If Respondent elects to file a motion for summary judgment, the following procedures must be followed by Respondent and Petitioner:

    A. The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

    B. The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled:

"Designation of State Court Records in Support of Motion for Summary Judgment."

C. Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief must be served on Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondent's motion and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the court.

E. No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

F. If the motion for summary judgment is denied, Respondent must file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents must be filed no later than 30 days after the denial of the motion for summary judgment. **Respondent is warned**

**that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

4. If Respondent elects to file an answer, the following procedures must be followed by Respondent and Petitioner:

    A. By **January 14, 2019**, Respondent must file all state court records that are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)–(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

    B. No later than 30 days after the relevant state court records are filed, Respondent must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

    C. Copies of the answer, the designation, and Respondent's brief must be served on Petitioner at the time they are filed with the court *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondent's answer and brief. In the

event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days after Respondent's brief is filed, Petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the court.

E. No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

F. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **February 11, 2019**: check for Respondent's answer and separate brief.

5. No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

Dated this 28th day of November, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge